## Commonwealth v. Lightcap

*Henry V. Scheirer*, for Commonwealth.

*James G. Lanshe,* for defendant.

DIEFENDERFER, J., June 5, 1950.—Defendant, Carl Lightcap, was charged with willful and unlawful refusal to reveal his identity. The case was heard on January 9, 1949, and defendant was found guilty. At the end of the Commonwealth's case, counsel for defendant moved for his discharge. The motion was denied. Defendant then filed a motion for a new trial and a motion in arrest of judgment on the ground that the Commonwealth had failed to make out a case in accordance with the indictment.

It appears that on July 24, 1949, one Kenneth A. Clauser, age 17, was operating his scooter on the highway extending from Catasauqua to Schoenersville. A girl companion was riding behind him on the scooter. He was driving in the right lane of traffic and when he approached an intersection, defendant's automobile turned from the right line of traffic into the left lane intending to proceed on the dirt road intersecting the highway. Defendant's car struck Clauser's scooter, causing damage to the scooter and upsetting both Clauser and the girl on the highway. The girl was only slightly injured, but Clauser received a broken left leg, a fractured right kneecap, and a fractured collarbone. Defendant's car stopped immediately and was left standing by the side of the road. A special policeman from the Borough of Catasauqua and another employe of the borough were near the scene and heard the crash. They came to the scene and the special policeman asked the girl to get into his car, and then asked the group whose car it was which was parked on the highway. An unknown person replied that it was his car. The officer was unable to identify this person at the trial and could not say if it was defendant. The officer further said: "Don't leave until the police come or I get back. I must go to the hospital immediately." As the officer drove away from the scene with both Clauser and the girl in his car, he took the license number of defendant's car. The officer took the injured parties to a Catasauqua physician and then took Clauser to the Allentown Hospital.

The State policemen were notified and the following day defendant admitted that he was the owner of the car and that he did not have an operator's license. At first he said he was not the operator of the car and was not able to tell who was with him. He finally admitted that he drove the car and that he left the scene of the accident giving as possible reasons that he did not have

an operator's license and that he was out with a married woman.

The question arises in this case by reason of the indictment charging a defendant with willful, malicious and unlawful refusal to reveal one's identity, where the evidence adduced at the trial fails to show that defendant did refuse to reveal his identity, as to whether the court can sustain the jury's verdict of guilty.

It may be noted that the provisions of The Vehicle Code relative to this charge do not use the language, "willful, malicious and unlawful".

"Willful," is defined as "proceeding from a conscious motion of the will; intending the result which actually comes to pass". The evidence in this case clearly discloses that defendant acted while conscious and intending the result which came to pass. In fact, he told the State policeman the next day why he acted the way he did.

"Malicious act," is defined as a "wrongful act intentionally done without legal justification or excuse; an unlawful act done willfully or purposely to injure another".

The word "unlawful", is defined as "an act in violation of a positive law". The reading of the statute would indicate that it would have to be unlawful if it violated the wording of the act. The duty of defendant was raised by the circumstances and the necessity for providing his name and address was made an affirmative duty. He was to make the first move.

The words "upon request" were deleted from the wording of the Act of June 29, 1937, P. L. 2329. Defendant neither gave the information requested by the act nor did he remain at the scene of the accident to provide the information for the police. He was told to remain on the scene until the police arrived. Not only did he not remain at the scene, but he gave reasons to the State police why he did not remain. The entire

conduct of defendant after being told by the special police officer to remain until the State police arrived was that of a person who willfully, maliciously and unlawfully left the scene of an accident without complying in full detail with the provisions of the act. The words willful, malicious and unlawful in the indictment in fact increase the burden on the Commonwealth to convict and even with this included, the jury convicted him. They could also be considered surplusage. True, he did stop at the scene of the accident, he said he was the driver of the car and remained there for 10 minutes after the accident, but these acts do not sufficiently comply with the wording of the act. The case was properly given to the jury and a verdict of guilty was returned by them. Whether he was asked or not is immaterial; motions for a new trial and in arrest of judgment should be dismissed.

And now, June 5, 1950, the motions of defendant for a new trial and in arrest of judgment are refused and defendant is hereby ordered and directed to appear for sentence on Monday, June 12, 1950, at 9:30 a.m.